Good morning, Your Honor. Hannah Leindecker on behalf of Petitioner Hope Ayiyi may it please the court. This case turns on the legal question of whether Arizona's forgery statute is categorically broader than the federal generic definition of forgery such that it cannot serve as a predicate aggravated felony offense under the INA. The answer to that question is yes for two reasons. The first is because the statute penalizes the destruction of a document. And the second is because the statute penalizes the presentation of a genuine instrument that contains false information. As a result, Mr. Ayiyi cannot be considered to have committed an aggravated felony under the INA. The court uses the categorical approach for this analysis. That's because Mr. Ayiyi is only removable if he's committed an aggravated felony under the INA. The relevant So under the categorical approach, the court looks at the elements that Mr. Ayiyi was convicted under and compares them to the general federal definition of forgery. If the elements of the state statute are broader than the federal generic definition, then Mr. Ayiyi's conviction under the Arizona forgery statute cannot constitute an offense related to forgery under the INA. Alternatively, if the state statute falls within the federal generic definition, then it is considered within an offense related to forgery under the categorical approach. This court has defined forgery for the purpose of the federal generic definition, Vizcara-Ayala v. Mukasey. And it has defined it as, one, a false making of some instrument in writing, two, a fraudulent intent, and three, an instrument apparently capable of effecting a fraud. So the first reason that Arizona's forgery statute is categorically broader than this federal generic definition is because it doesn't require a making. That's because the statute penalizes the destruction of a document. The court can look here to the case Moreno-Avendano v. Lynch. In that case, the court found that a Nevada statute that penalized the erasure or obliteration of a document was not categorically within the federal definition of forgery because it included a destruction of documents. And what was important to the court there was that at the heart of forgery is the element that it requires a making. And if a document required, and if a statute allowed for the destruction of a document, it necessarily did not require a making. The court further found that the destruction of a document couldn't even count as an offense relating to forgery. And that's because to be an offense relating to forgery, an act must be ancillary to the core offense. And in this case, the court found that destroying a document was not even ancillary to the offense of forgery because it was the antithesis of making. Are you aware of any case in which there's been an actual Arizona prosecution under the forgery statute for the destruction of a document that was not otherwise forged in the normal sense that we use it, or that simply contained a falsehood like a person's age listed incorrectly without some other form of what we ordinarily think of as forgery? Sure, Your Honor. So for the first part of your question relating to the destruction of documents, I'm not aware of any case where Arizona has prosecuted the destruction of Moreno-Avendano. In that case, there was also no evidence of an actual prosecution. And what the court found is that because the statute was so overbroad on its face, there was a realistic possibility of prosecution even if there wasn't an actual evidence of a prosecution. And the same is true here. For the same reasons that Moreno-Avendano is overbroad, the Arizona statute is overbroad. For your second example, we did not have a statute for a prosecution where someone was prosecuted for including false information in a genuine document. We did include some examples of that in our brief, Your Honor. One of them is State v. Soriano-Torres. And in that case, the defendant was prosecuted under the third prong of Arizona's forgery statute for submitting false Social Security information in employment forms. Except the state had to prove that in that case that the defendant intended to defraud by knowingly using false information. That is quite a bit different, it seems to me, than simply having, in other words, the fraudulent intent. It just seems different to me than what you're arguing for, that merely using false information is sufficient. You're right, Your Honor. So there is a difference between having to show that the information was false and that the document itself was false. In the Vizcarra-Ayala v. McCasey case, the court went into detail about why this is important for the federal generic definition of forgery and basically said that at the core of forgery, the document has to be essentially false. And that's qualitatively different than a document that is genuine or real, just containing a certain amount of false information. That's why I was asking you the question, because it seems to me that if it requires the intent to defraud and purporting to be someone that you're not, that probably would fall within the generic definition. That's why I'm asking whether an otherwise genuine document that simply contains something untrue has ever been prosecuted under this statute. I believe in the Vizcarra-Ayala case, Your Honor, the relevant statute also included an intent to defraud. And so I don't think that the intent to defraud was the core part of the court's reasoning there. Instead, I think the core reasoning was about whether or not the document itself was fraudulent. So there's a difference between a genuine document that just contains false information and a document that itself is not real because it's been created through forgery. And in any event, even if this court found that Soriano-Torres wasn't an applicable example of prosecution for presentation of a genuine instrument that contains false information, the same analysis in Moreno-Amandano would apply here, which is that it's obvious from the face of the statute that it is overbroad. And as a result, there's no requirement under this court's case law for Mr. Ayala to prove that there was actual evidence of prosecution for the theory. So let's talk about the divisibility then. What is your best argument that the statute is not divisible? So the statute is not divisible, Your Honor, because Arizona's model jury instructions show that a jury doesn't need to unanimously decide which prong the defendant was convicted of in order to convict them of forgery. And we look to the model jury instructions and the fact that the three separate prongs are simply included in brackets with a use note. And the use note has an asterisk that just says, use as applicable to the facts of the case. This is important because, as this court found in Rendon v. Holder, the key issue about whether or not the statute is divisible is whether or not the statute requires the jury is whether or not the jury is unanimously needs to find under which provision the defendant was convicted. And so in this case, the jury instructions leave that very open-ended. It doesn't require the jury to unanimously decide anything, and it doesn't even require them to choose which or have anyone choose which specific subsection the defendant was convicted. And so that's important because when a jury doesn't have to decide under which section the defendant was convicted, it's more likely that the prongs of the statute are alternative means of committing the same crime instead of alternative elements. And as this court has or as the Supreme Court found in Dikhan, that is the key inquiry to deciding whether or not a statute is divisible. I'm going to answer to Chief Judge McGeough, because it seems to me that if the model instructions say, use whichever one is appropriate, it does make them into alternatives. For example, if this is a case only about knowingly possessing a forged instrument, then that would be the jury instruction. So it seems that it would be, I guess I don't see how it proves your point. Thanks, Your Honor. So I think what's helpful here is to look how this court has handled jury instructions, including brackets in the past. So there are sort of two different cases that show the distinction. The first is the Chavez-Solis case. And in that case, the statute included different brackets and similarly had no requirement of unanimity, no requirement that the jury insert any sort of specific information. And the court found that those jury instructions were closer to alternative means than alternative elements. And that stands in the Chavez-Solis case. And in that case, there was also brackets, but the jury instructions specifically instructed the jury to fill in the section that was applicable to the case and make that specific finding. So while there are jury instructions on both sides that may include brackets, what's key here is the fact that the jury instructions have this vague use note and don't anywhere otherwise require unanimity. And that's particularly interesting because in other areas of Arizona's model jury instructions, there are requirements of unanimity. So here, the fact that that's specifically missing can show that the three prongs were alternative means and not alternative elements. Do you acknowledge that the record evidence suggests that the petitioner referred to a section of the statute that's not the section you've been talking about that is outside the generic definition? The charging language in the paper that he pled to refers to him knowingly, with the intent to defraud, knowingly possessing a forged instrument, which seems to correspond with section A2 of the statute. That's not the section that you've argued takes it outside of the categorical definition, correct? So I have two responses to that, Your Honor. The first is that the first theory as to why the statute is overbroad, which is because it penalizes the destruction of documents, is applicable to every prong of the statute. That's because every prong of the statute implicates the language about falsely altering an instrument, which includes to obliterate the instrument. So it is not what he was convicted under because every prong of the statute is overbroad. But to your point, our second theory is relevant to the third prong of the statute. And so the court would, if they found the statute divisible, would look to what he was convicted under. But as we set forth in our brief, there is some ambiguity there. So the indictment does say that he knowingly possessed a forged instrument, but it doesn't specifically indicate which subsection he was convicted under. And then there's further ambiguity in the record when you look at the plea agreement and the judgment, which both just say that he was convicted of forgery without specifically specifying any sort of language within the statute or any sort of subsection of the statute. And because of that, there's at least some ambiguity where the court can't say definitively that he was convicted of a prong that's not related to the overbreadth analysis. Do you want to reserve most of your time? Yes, I'd like to reserve the remainder of my time for rebuttal if I can, Your Honor. Thank you. Ms. Lott, can you state your appearance, please? Good morning. May it please the court, Melissa Lott on behalf of the United States Attorney General. The court should deny the petition for review because the petitioner was convicted of an aggravated felony offense relating to forgery. The Arizona statute contains two subsections that relate only to generic forgery and that they require a falsely made or altered instrument with the intent to defraud. Additionally, the statute is divisible between its subsections and the conviction documents here are clear that the petitioner's conviction was for possession of a forged instrument and therefore remand for application of the modified categorical approach would be futile. Starting with the definition of forgery. Why don't you address the two parts that Ms. Lindecker discussed, the destruction of the document and why that's not overbroad and the false information? Yes, Your Honor. So forgery requires a false making or alteration of a document such that it's not what it purports to be. So it's not just the making, it's also the alteration and that's in Viscara Iola. And the part of the definition at issue here is that under the definition of falsely altering an instrument under the Arizona statute that requires changing a complete or incomplete written instrument without permission  part of it so that the altered instrument falsely appears or purports to be in all respects an authentic creation of its ostensible maker. So the destruction as a means of altering the document, that's just a way to falsely alter the document. There's nothing about the definition, there's nothing about the statute that shows that it applies to the complete destruction of a document. It's unlike the Nevada statute in Moreno-Avendano that included destruction in whole or in part. So here we just have changing a document with the intent to defraud. It's also different from the examples that Petitioner cites. And again, Petitioner has not identified an actual case where the Arizona statute has been applied to the destruction of a document. And again, the language of the definition of falsely alters does not contemplate the complete destruction of a document. This is unlike the example that Petitioner provided in his brief of, for instance, erasing a receipt that was on the back of a bill or a bond. Destroying the receipt doesn't in any way alter the bill or bond. And that's distinct from erasing something in a bill or in the bond itself as a way to change it falsely so that it appears that the person who made the document made that change. So again, there's just nothing in the statutory language that Petitioner hasn't identified an actual case where that sort of conduct was punished as forgery. I'm sorry, Your Honor. The Petitioner's argument regarding the Arizona statute... If simply just false information is in the document, why isn't that over-broad? So, Your Honor, here I would make the distinction between subsection A3, which applies to offering or presenting a forged instrument or one that contains false information. And that subsection, the court doesn't need to reach the issue of whether that subsection is over-broad as to generic forgery because the statute is divisible. And the case that Petitioner identifies, the Soriano case, where it was the employment and tax documents, including a false name and a false social security number, that does appear that it would fall within generic forgery. But again, as to that subsection, the court doesn't need to reach it. When it comes to the other two subsections, A1 and A2, the false making or alteration or the possession of the forged instrument, those don't apply to a genuine instrument that contains false information. I would give the example that from the state case Thompson, where a DMV employee, for instance, created a false inspection certificate of a vehicle. That is not a genuine instrument that simply contains false information. That is a false making. The document itself is a lie. It's premised on an inspection that did not take place. It's materially false. And it's created as if it were an authentic document to be credited as such. But it's not actually a genuine inspection certificate. I just want to make sure, because on the false information, I did provide, you know, when a person writes a letter or completes a loan application or other instrument and signs it with his own name, he is not guilty of forgery just because a false statement is contained therein, even if he knew it was false and acted with intent to defraud. So it seems to me that subsection 3, which says you merely possess an information, you're guilty of forgery. So why isn't that problematic? So that subsection, Your Honor, it's silent on whether it's referring to a genuine instrument. It's somewhat unclear. But even if the court finds that that subsection is overbroad, the statute is divisible between its subsections. Let's talk about the divisibility then, because it sounds like you understand that that false information phrasing could be problematic. Is it divisible? I mean, your colleague, your friend on the other side here, just went through the model penal, or the models, the jury instructions, I'm sorry, and made an argument because the brackets, they're not separate elements, they're just different means. Can you address that? Yes, Your Honor. So all of the tools in Mathis for determining divisibility line up in favor of divisibility in this case. So starting with the statute, it's divided into separate subsections and the Arizona courts have acknowledged that that is one way that separate offenses can be set up, especially when the subsections involve different acts or different kinds of harms. That is the case with the Arizona forgery statute. The first subsection is the false making or alteration. The second subsection is the possession of the forged instrument, and the third subsection is essentially uttering the passing of a forged document. And so the Arizona courts have distinguished this kind of statute where it's different acts, even if they all have the same mens rea, but that's different from as they've acknowledged, a statute where it's one act with different mens rea requirements. So that's the statute, and then looking at the Arizona Supreme Court has determined about the prior forgery statute that forgery and uttering were separate offenses, but they've been put together in a statute, but they remain distinct offenses. And then you have several unpublished Arizona Court of Appeals decisions, and those also all line up in pointing to divisibility. In the case, for example, a case called Knuckles, there the court said that the three types of forgery in 13-2002 are distinct offenses with separate elements, not different manners of committing the same offense. And there the court found that an indictment was duplicitous where it charged more than one forgery act in a single count. And there it included all three subsections of the forgery statute with and or language. The court noted that a duplicitous indictment can be cured where the jury verdict is clear, or when the state elects which act is the basis for the jury, or when the court instructs the jury that it must unanimously agree on a specific act. So for one count, the court determined that the basis for the jury verdict was clear that the defendant had been convicted under A-1, so there was no prejudice. But it did not uphold another count where it was not clear, and the jury might not have unanimously agreed on which subsection. The court has also recognized this duplicitous charging. Is that a case within the circuit that has found a forgery statute to be divisible? I'm sorry, this is a state case. Can you cite to any cases within the circuit in which we have found a forgery statute divisible? I'm sorry, your honor, this night circuit case finding this Arizona statute divisible, is that what you're asking? Are any forgery statutes divisible? I'm not sure. I don't think that was an issue in Vizcarra-Ayala or in Escobar-Santos. But this Arizona statute, it has the three subsections. You have these state cases showing that the subsections are separate offenses. I would also cite the state case Morris, and that was another duplicitous charging case. But there it was clear that the defendant had been convicted under A2. And then also a case called Berlue. And this one, the court found that it was multiplicitous to charge in different counts for A2 and A3, possession of a forged instrument. But the court's reasoning about why it was multiplicitous shows that that also supports divisibility because it did a lesser included offense analysis. And so it was looking at the elements of A2 and the elements of A3. And it determined that the elements of A2 were a subset of the elements of A3. So that's showing that they're two separate offenses. It's just one has an extra element that the other doesn't. And then the pattern jury instructions, I mean it sets out the offense in, it sets out each subsection is in separate brackets. There's a case that we cited in our brief called Preda-Solano. And in that case it was a published Arizona Court of Appeals decision. And it was looking at a different statute, a sexual exploitation of a minor statute. And that statute, the pattern jury instructions also have a similar use of brackets. And they have that same use note of use the information in the brackets based on the facts of the case. And so and in that case the court found that those the bracketed language, those were separate offenses. The pattern jury instructions, there's nothing inconsistent about them supporting divisibility or I'm sorry there's nothing, they do not show that the statute is indivisible between its subsection. And we also have the peek at the documents themselves here. So the charging document, it charges the petitioner with possession of a forged instrument. And it excludes any language from the other subsections. So that again supports divisibility. So all of these different sources, they all support divisibility in this case. And then looking at the modified categorical approach, the immigration judge determined that the petitioner was convicted of knowingly possessing a forged instrument. The board looked at the statute categorically but in this case, the documents speak clearly that petitioner was convicted for possession of a forged instrument based on the language in the indictment and the fact that he pled to that count in the indictment. And even though the indictment did not list the subsection, the language tracks the subsection. And this court has acknowledged in applying the modified categorical approach that language that tracks the language of the subsection, that that is sufficient. If there are no further questions, then we would ask the court to deny the petition for review. All right. Thank you very much. Ms. Leyendecker. Thank you, Your Honor. I'd like to first respond to the government's position about the destruction of documents argument. The government argues that it's essentially an alteration of the document. But the statute uses the word obliterate. The Black's Law dictionary definition of obliterate includes to destroy. And one can conceivably think of examples where the statute would encompass the destruction of a document. For example, one could destroy an amendment to a contract or a codicil to a will. And in that case, you could have an instrument that is not authorized by the maker through the destruction of the document. That is not a making of a document under Moreno-Avendano and thus is not forgery. And importantly, with this, with the destruction of documents issue, we don't need to look to whether or not the statute is divisible. Under any prong, Mr. Yee could not be considered removable for commission of an aggravated felony because the statute is categorically overbroad. Responding to the government's arguments about the presentation of a genuine instrument that contains false information. First, I'd like to point out, Your Honor, that in Moreno-Avendano, the court found that the forgery statute was not divisible. That's an example where this court found a forgery statute to be indivisible. The government cites to a few cases... Counsel, does that mean in your view that no forgery statute from any other state is divisible? Or is that looking just at the particulars of that statute and that state's law? Certainly, Your Honor. I wouldn't say that any forgery statute essentially has to be indivisible. It just goes to show that statutes that talk about different sorts of acts that could constitute forgery may be considered indivisible and therefore alternative means. I'll note, too, that the government discussed multiple cases, but those cases are unpublished Court of Appeals cases that directly conflict with the state's jury instructions. And in our case, the United States v. Martinez-Lopez, the court found that when there was such a conflict, the government didn't meet its burden of proof to show that there was that the state meant for the prongs of the statute to be different elements instead of different means. So, I'll ask this court to grant Mr. Aguirre's petition for review and find that he's not removable for commission of an aggravated felony. Thank you very much. Thank you both for your oral argument presentations here today. The case of Hope I.E. v. Merrick Arlen is now submitted.
judges: MURGUIA, GRABER, Burns